# HILTON v. SNYDER et ux.

No. 2030.   Decided April 19, 1910   (108 Pac. 698).

1. JUDGMENT—CONCLUSIVENESS—THIRD PERSONS. Where the law provides a proceeding to establish an individual's status upon giving notice prescribed by law, a judgment in a proceeding solely for that purpose, declaring the status of the individual, is admissible in evidence against a stranger in any subsequent suit to prove such status, being evidence of that fact against all the world; but where the action is between individuals, and the status of an individual is merely incidentally in issue, the judgment therein is not admissible against strangers to that judgment, so that a judgment in an action to recover dower in land conveyed by the husband in which the widow's marriage was in issue and established is not admissible in a subsequent action against strangers to that judgment to prove the marriage; the establishment of the widow's status as a married woman being merely incidental to the main purpose of the suit. (Page 388.)

2. JUDGMMENT—CONCLUSIVENESS. In an action against an estate to have plaintiff declared the widow of decedent under a valid marriage and to have dower awarded her, grantees of decedent were not bound by the judgment therein, establishing the marriage, the adjudication of plaintiff's status being merely incidental to the action to establish dower, so that, in an action against such grantees by the widow to establish dower in the land conveyed to them, the judgment was not admissible to prove her marriage. (Page 389.)

3. DOWER—ACTIONS TO ESTABLISH—BURDEN OF PROOF—MARRIAGE. In an action for dower, the burden is upon the widow to establish a valid marriage; the validity of her marriage being put in issue. (Page 390.)

4. DOWER—FINDINGS—NEGATIVE FINDINGS. In an action for dower, a finding that plaintiff must fail because she failed to establish the existence of a lawful marriage between herself and decedent is in effect a negative finding, and is sufficient to support a judgment for defendant on that ground. (Page 390.)

Appeal from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Annie F. A. Hilton against Gideon Snyder and wife.

Judgment for defendants.    Plaintiff appeals.

AFFIRMED.

See, also, 37 Utah, 359, 108 Pac. 689.

*N. V. Jones (Ogden Hiles,* of counsel), for appellant.

*Snyder & Snyder* for respondents.

FRICK, J.

This is an action to recover dower.    The case may be said
to be a companion to the case of *Hilton v. Sloan,* 37 Utah,
359, 108 Pac. 689, and the seven other cases tried with that
case, all of which have just been decided by this court.
The controlling issues presented for trial to the district
court, affirmatively stated, are:    (1) The marriage of appel-
lant to Dr. Park; and (2) that appellant was estopped from
claiming her dower interest in the land in question as against
respondent.    The parties to the action at the trial stipu-
lated with regard to all the issues except that of marriage,
which was left to be established by such competent evidence
as appellant might produce.    The only evidence that she pro-
duced in support of her claim that she was married to Dr.
Park, and that she was his legal wife, and hence his widow,
were the pleadings, findings of fact, conclusions of law and
judgments in the cases of *Hilton v. Roylance,* 25 Utah, 129,
69 Pac. 660, 58 L. R. A. 723, 95 Am. St. Rep. 821, and
*Hilton v. Stewart,* 25 Utah, 161, 69 Pac. 671.

It is deemed material to state the issues that were in-
volved in those two cases.    *Hilton v. Roylance* was an action
by the appellant here to recover dower in land conveyed
by Dr. Park during his lifetime, and during the time it is
alleged appellant was his wife.    In that case Mrs. Roylance
denied that appellant and Dr. Park ever had been married.
The trial court found that issue in favor of Mrs. Roylance
and entered judgment accordingly, but this court, on appeal,
reversed the judgment, and ordered findings and judgment
in favor of appellant here, who was also appellant in that

37 Utah—25

case. By the findings and judgment in that case it was adjudicated that appellant and Dr. Park were married as claimed by appellant, and that at the time of the conveyance of the property involved in that case, and at the time of his death, she was his legal wife. In the action or proceeding of *Hilton v. Stewart, supra,* appellant petitioned the court (1) that it be adjudged that she is the widow of Dr. Park; (2) that she be awarded a certain sum per month out of Dr. Park's estate as his widow for maintenance and support pending the administration of the estate; and (3) that she be awarded a widow's share in the estate of Dr. Park. It may be said that in effect the latter proceeding was either directly against the estate, or indirectly so by proceeding against Mr. Stewart as the executor of the last will and testament of Dr. Park, which will had, in a proper proceeding, been duly probated when *Hilton v. Stewart,* was commenced and determined. The district court in *Hilton v. Stewart* also found against appellant upon all three claims aforesaid. On appeal to this court, however, the findings and judgment of the district court were reversed as to the first and third claims. As to the second claim the lower court was sustained by this court, but for reasons other than those given by the district court.

From the foregoing it will thus be seen that in two actions of proceedings in which appellant was plaintiff it had been adjudicated by this court that she at a certain time and place was legally married to Dr. Park, and that at the time of his death was his lawful widow, and as such was entitled to a widow's share in his estate. At the trial of the case at bar in the district court that court *pro forma* admitted the findings and judgments aforesaid in evidence over respondent's objection, with the understanding, however, that their effect as evidence would be determined later. Upon further consideration, the court ruled that the findings and judgment in neither of the cases mentioned were admissible as evidence of the marriage in the case at bar. Appellant having produced no other or further evidence of her marriage with Dr. Park, the court found that issue in

favor of respondent, and entered judgment against appellant upon the sole ground that she had failed to prove her marriage to Dr. Park, and hence had not established her right to dower in the lands in question. Appellant assigns the ruling of the court excluding the judgments as error, and insists that the findings and judgment in both cases were competent and conclusive evidence of the marriage claimed by her.

As we understand appellant's contention, it is in effect, this: That proceedings to establish a status, such as marriage, divorce, pedigree, citizenship, inquisitions of lunacy, etc., are in their nature proceedings *in rem,* and hence the judgment by which the status of any individual is adjudged is competent evidence as against all the world to prove the status as it is declared to be by such a judgment. (2 Black on Judgments, secs. 802-806, inclusive.) Appellant therefore insists that in both cases referred to her status, namely, that she was the legal wife of Dr. Park, was solemnly adjudicated, and that hence the judgments in those cases were at least evidence of her marriage with Dr. Park. It may be conceded that, where there is some law by which a proceeding to establish a status of any individual may be instituted upon such notice as may be prescribed by law, that in such a proceeding the judgment declaring the status of the individual in whose interest or against whom the proceeding is had may ordinarily be used as evidence against all the world for the purpose of proving that the status is what it is declared to be in the judgment. Generally it may be conceded that in nearly all, if not all, jurisdictions special proceedings are provided for by which the status of certain individuals may be determined and established when for special reasons it becomes necessary to do so. Those most generally provided for are inquisitions of lunacy, naturalization proceedings by which certain individuals are adjudged citizens, and matters of that character. We know of no special law or procedure in this state, however, whereby every possible status may be established as is done in some countries, notably in England. (*Shores v. Hooper,* 153

Mass. 231, 26 N. E. 846, 11 L. R. A. 308.) But, even where status may be determined by some special proceeding, notice thereof is usually provided for which must be given to some designated public official, or to the public generally, by publication, or the like. In this way the public generally may be said to have been brought into court, and for that reason may be bound by the judgment, for certain purposes at least. In cases between individuals, however, where the status is merely incidentally in issue, a judgment, which, among other things, also fixes the status of one or both parties, is not admissible as evidence of that fact as against strangers to that judgment. So far as we are aware, the reasons for the rule itself governing the admission and exclusion of judgments obtained between private parties in proceedings where the status of an individual is incidentally involved are the same as in other cases. As we understand the rule which distinguishes a status from any other element in a case, it is this: If an action, although prosecuted by one individual against another, is instituted for the sole purpose of changing or declaring the status of either one or both of the parties to the action, then, in the absence of fraud or collusion in obtaining the judgment, it is binding upon all the world as well as the parties and their privies. But, if the status is merely incidentally involved the judgment, although fixing the status of either or both parties, is not admissible as against strangers as evidence of the status. It certainly cannot be seriously contended that the case of *Hilton v. Roylance* was instituted and prosecuted for the purpose of establishing appellant's status. The purpose of that action was to recover dower, and the relation of appellant to Dr. Park, while a material issue, was nevertheless only an incidental issue. That is, the principal thing sought to be obtained by that action was to obtain dower in particular land once owned by Dr. Park, and by him conveyed to Mrs. Roylance, and, in order to obtain the principal thing, the marriage between appellant and Dr. Park had to be proved. This was, therefore, a mere element to be established. Dr. Park's ownership of the prop-

erty during the marriage relation, his conveyance thereof, and its value were elements which had to be established, all of them essential, but only incidental. It might as well be contended that the judgment in the Roylance case was evidence upon any other issue in any other case commenced by appellant to recover dower in so far as the issues in the two cases were the same. It is manifest the court committed no error in excluding the judgment in the *Hilton v. Roylance* case.

Did the court err in excluding the judgment in the case of *Hilton v. Stewart,* which we have assumed in effect was a proceeding against Dr. Park's estate? We think not. Assuming, but not deciding, that all those who claimed any interest in Dr. Park's estate were in legal effect parties to the proceeding instituted by appellant to obtain a dower interest therein, it does not follow that all those who simply claim as grantees of Dr. Park, and who claim no interest in his estate as such, were also parties to the proceeding. While any person who claimed a direct interest in Dr. Park's estate could no doubt have resisted appellant's claim for dower, and if she was successful might have prosecuted an appeal from any judgment so obtained, such clearly was not the case with respondents. They had no interest in Dr. Park's estate as such, and claimed none, and hence could not have tested appellant's right to dower in it. They had to postpone their defense, if any they had, to her claim for dowers, until she sought to enforce it against property in which they were interested. Respondents, therefore, were in no sense parties to or interested in the action or proceeding of *Hilton v. Stewart,* and hence cannot be affected by any judgment that was rendered therein, or be concluded by any fact or facts that may have been judicially determined and established in that proceeding. The end in view in instituting those proceedings was not merely to establish the status of appellant, but it was to have her rights in Dr. Park's estate as his widow determined and adjudicated. Her status, in so far as strangers to the estate were concerned, was thus again determined and declared for the purpose of a par-

ticular proceeding only. Under such circumstances, the judgment entered in a proceeding in which the status is in fact declared is not evidence of the fact in another proceeding, unless such judgment would be admissible as evidence upon grounds upon which judgments are generally admissible. That such is the law is well and clearly stated in *Shores v. Hooper,* 153 Mass., at page 235, 26 N. E., at page 848 (11 L. R. A. 308), where, in speaking for the court, Mr. Justice Devans said:

"The only relation which the former proceeding in the probate court had to the present suit is that the demandant, in order to succeed there was obliged, as against other parties, to prove, as she is here, that she is the daughter of Dr. Ellis. If that had been, as this is, a writ of entry against another party for a piece of land, it certainly cannot be maintained that a recovery of a judgment there by a decision in her favor would enable her, so far as this proof is concerned, to recover a judgment against the tenant for a different piece of land, even if the title to both pieces had descended to her from the same ancestor. In the proceeding in the probate court, as a preliminary fact to be decided before the administrator could be held liable, it was found that the defendant was the daughter of Dr. Ellis. Even if the subsequent determination of the responsibility of the administrator and settlement of his accounts would be conclusive under our statutes, proper notice having been given, and to that extent would possess many of the characteristics of a judgment *in rem,* the finding which preceded should have no effect in other proceedings against another party, a stranger, not affected by any notice thereof, nor entitled to be then heard therein, if he had actually appeared."

The only difference between that case and the case at bar is that, in order to entitle the claimant in that case to recover, she had to judicially establish the fact that she was a child of the deceased, while in this case appellant is required to establish the fact that she is the wife **3** of Dr. Park, deceased. In that case the relation of the claimant to the deceased person had been judicially determined in another proceeding just as it has been in this case. In the proceedings reported in the case referred to it was necessary to again establish the relation as a necessary element in the case precisely as in the case at bar. The claimant in that case attempted to establish the relation by using the judgment in the former proceeding as evidence wherein her

relationship was determined and adjudged, and the court held that the judgment was inadmissible as evidence to establish that fact as against a stranger to the judgment. This is the precise question involved in the ruling complained of, and if the decision in *Shores v. Hooper, supra,* is sound, and we think it is, then the ruling complained of in this case is right. The following are among the best-considered cases in which the question of when and to what extent judgments are evidence of the facts adjudicated therein, in other proceedings, is discussed and decided: *Shores v. Hooper,* 153 Mass. 228, 26 N. E. 846, 11 L. R. A. 308; *Brigham v. Fayerweather,* 140 Mass. 411, 5 N. E. 265; *Sorensen v. Sorensen,* 68 Neb. 483, 98 N. W. 837; *State v. McDonald,* 108 Wis. 8, 84 N. W. 171, 81 Am. St. Rep. 878; *Farrell v. St. Paul,* 62 Minn. 271, 64 N. W. 809, 29 L. R. A. 778, 54 Am. St. Rep. 641. We have carefully examined the authorities cited upon the foregoing propositions by counsel for appellant, and while in some of them general expressions are used which, if standing alone, might lead one to the conclusion that there are authorities to the effect that, when a status is once determined and adjudicated in any case, the judgment in that case may be used as evidence of the status in other cases, yet, when the cases upon the subject are carefully read, the conviction is forced upon one that little, if any, room for doubt is left that the law upon the question is as we have attempted to outline it herein.

From what has been said it follows that the court committed no error in excluding the judgments. It also follows that, if this ruling is correct, then the court had no alternative save to find the issue of marriage against appellant, for the reason that the burden of establishing the marriage was upon her, and, as she adduced no evidence in support of the issue, the court was bound to find in the negative. We remark that the finding of the court is to the effect that appellant must fail for the reason that she failed to establish the existence of a lawful marriage between her and Dr. Park. Since there is no objection to the form of the finding, and as it is in

effect a finding in the negative, and is sufficient to support the judgment, we also have no alternative save to affirm the judgment, with costs to respondent. It is so ordered.

McCARTY, J., and LEWIS, District Judge, concur.