## SURRAGE et al. v. McKAY et al.

No. 3725.  Decided April 24, 1922.  (206 Pac. 722.)

1.  WATERS AND WATER COURSES—PROCEEDING IN REM TO TEST LEGALITY OF IRRIGATION DISTRICT ORGANIZATION MAINTAINABLE

ONLY BY DISTRICT'S DIRECTORS. A proceeding, whereby no relief is sought on behalf of plaintiffs, merely to have it adjudged that the proceedings for organization of defendant irrigation district were void, and for injunction, cannot be maintained by private individuals, such a proceeding in rem, to be effective, needing special legislative authorization; but the proceeding by the district's directors for testing the legality of the organization provided for by Laws 1919, c. 68, as amended by Laws 1921, c. 73, is exclusive, and this though the directors refuse to institute it.[1]

2. WATERS AND WATER COURSES—PROCEEDING BY DIRECTORS TO TEST ORGANIZATION OF DISTRICT PERMITTED, NOT REQUIRED; "MAY." Laws 1919, c. 68, § 47, as amended by Laws 1921, c. 73, does not require, but only permits, proceeding by the directors of an irrigation district to test the legality of its organization; nothing indicating that "may" is used in the sense of must (quoting 5 Words and Phrases, First Series, p. 4420, May).[2]

3. MANDAMUS—REMEDY IF IRRIGATION DISTRICT'S DIRECTORS REFUSE TO PERFORM DUTY UNDER STATUTE. Mandamus would be the remedy if it were considered that directors of an irrigation district were required by statute to institute proceeding to test legality of the district's organization, and they on demand refused to do so.


Appeal from District Court, Second District, Weber County; *George S. Barker,* Judge.

Proceeding by James Surrage and others against D. D. McKay and others. From an adverse judgment, plaintiffs appeal.

AFFIRMED.

· *A. G. Horn,* of Ogden, and *Van Cott, Riter & Farnsworth,* of Salt Lake City, for appellants.

*Richards & Mitchell,* of Salt Lake City, and *George Halverson,* of Ogden, for respondents.

---

[1] *State ex rel. Murdock* v. *Ryan,* 41 Utah, 327, 125 Pac. 666.

[2] *Purcell* v. *Wilkins,* 57 Utah, 467, 195 Pac. 547.

FRICK, J.

On July 21, 1921, James Surrage, Joseph Backman, George Higley, Lindsay Land & Live Stock Company, a corporation, Joseph Barker Company, a corporation, and William H. Wayment, hereinafter called appellants, instituted this proceeding in the district court of Weber county, Utah, against D. D. McKay, J. L. Robson, and James Bues, directors of the Weber County Irrigation District and the Weber County Irrigation District, a corporation, hereinafter designated respondents.

The complaint covers 13 pages of the printed abstract. In view of the conclusions reached, however, it is not necessary to state the allegations of the complaint either in whole or in part. Reference will be made to special averments in the course of the opinion if deemed necessary.

In view that the prayer clearly shows precisely the nature and extent of the relief sought by the appellants, we here set it forth in full. It reads:

"Wherefore plaintiffs pray judgment that the defendants, after due hearing had, be perpetually enjoined from exercising any corporate rights, privileges, and franchises, and that this court decree that said defendant (Weber County Irrigation District) was never legally incorporated, and that after an examination had of all the matters relating to the organization of said district this court decree that said attempted incorporation was irregular, incorrect, and illegal, and that plaintiffs have such other and further relief as may be just in the premises."

It will be observed that no relief is sought on behalf of any of the appellants, but that the only relief prayed for is that the proceedings relating to the organization of the irrigation district be adjudged illegal and void, and for injunctive relief.

The respondents filed a motion to strike certain allegations from the complaint. No further reference to the motion is necessary. They also filed both a general and a special demurrer to the complaint, the material grounds of which are: (1) That the complaint is deficient in substance; (2) that neither one nor all of the appellants have "legal capacity to

sue" or "authority of law to bring or to maintain this action." It is not necessary to state the other grounds of the special demurrer.

The district court sustained the demurrer, and, appellants having elected to stand upon their complaint, the court entered judgment dismissing the action, from which this appeal is prosecuted.

The only errors assigned are: (1) That the district court erred in sustaining the demurrer; and (2) that it erred in dismissing the action.

It will be necessary to refer to some of the provisions of our statute relating to the creation and government of irrigation districts, all of which are declared to be public corporations after organization. Many of the provisions of the statute (chapter 68, Laws Utah 1919, and chapter 73, Laws Utah 1921) are set forth in the case of *Eames* v. *Board of Com'rs,* 58 Utah 495, 199 Pac. 970, to which case we refer the reader. Chapter 68 aforesaid as amended by chapter 73, is composed of 66 sections, and, among other things, the chapter provides "for the organization and government of irrigation districts." Sections 47, 48, 49, 50, and 51, of said chapter 68 also provide for a special proceeding to test the legality and regularity of certain proceedings had in issuing bonds, entering into contracts, etc. These sections, however, did not in direct terms provide that the legality and regularity of the proceedings relating to the organization of such districts might be inquired into and determined in such a proceeding. Sections 47, 48, 49, and 51 of said chapter 68 were therefore amended by chapter 73, Laws Utah 1921. In said chapter 73 the districts were designated as "water conservation districts," while in chapter 68 they were called "irrigation districts." The purposes of the act are, however precisely the same whether the districts are designated by one name or by the other.

When this proceeding was commenced section 47 aforesaid had been amended to read as follows:

"The board of directors of a water conservation district organized under the provisions of this act may commence special proceedings, *in and by which all proceedings had in the organization of*

*the district* or in and by which its acts and the acts of the district in authorizing the issue and sale of the bonds of said district or providing for the authorization of contract with the United States and the validity of such contract, whether said bonds or any of them have or have not been sold or disposed of, or such contract or proposed contract shall or shall not have been actually signed by the United States or the district, may be judicially examined, approved and confirmed."

The words in italics were omitted from section 47 as originally passed in 1919, and were added in the amendment of 1921 as indicated.

Section 48, Laws Utah 1921, provides for the filing of a petition by the board of directors of the district in the district court "in which the lands of the district, or some portion thereof, are situate," which petition shall contain a prayer in effect "that the proceedings aforesaid may be examined, approved and confirmed by the court." That section further provides what shall be done in case the proceedings for the issuance of bonds, etc., are sought to be examined.

Section 49 provides that the court shall fix a time for the hearing of the matters stated in the petition and for the publication of notices of such hearing. The section further provides how the petition or proceedings shall be entitled or referred to in the notices published, and what the notices shall contain.

Section 50 was not amended in 1921. The original section 50 provides that "any person interested in said district, or in the issuance or sale of bonds," etc., may demur to or answer the petition. That section further provides:

"The person so demurring or answering said petition shall be the defendant to the special proceedings, and the board of directors shall be the plaintiff."

Section 51 provides for findings and decree and further:

"The court, in inquiring into the regularity, legality or correctness of said proceedings, must disregard any error, irregularity or omission which does not affect the substantial rights of the parties to said special proceedings; and the court may by decree approve and confirm such proceedings in part, and disapprove and declare illegal or invalid other or subsequent parts of the proceedings."

The following was added to that section in 1921:

"A final decree as to such proceedings shall be received as *re-*

*adjudicated* in all courts of the state of Utah in all cases whatsoever involving the validity of such bonds and the organization of the district."

We have italicized the word "readjudicated" merely to call special attention thereto, for the reason that, while the use of the word in the connection it is used seems irregular, it nevertheless does not cloud the intention of the Legislature which still remains clear, and hence it is not necessary to consider that matter further.

There, is, however, another provision of chapter 68 (section 13) Laws Utah 1919, which was not amended by chapter 73 of the Laws of 1921, and which, in view that it is still in force, we deem material. The provision reads:

"* * * And any such irrigation district, in regard to which any such order has been heretofore or may hereafter be entered, and which has exercised or shall exercise the rights and powers of such a district, and shall have had or shall have in office a board of directors exercising the duties of their office, the legality or regularity of the formation or organization whereof shall not have been questioned by proceedings in quo warranto instituted in the district court of the county in which such district or the greater portion thereof is situated within one year from the date of such filing, shall be conclusively deemed to be a legally and regularly organized, established and existing irrigation district within the meaning of this act, and its due and lawful fromation and organization shall not thereafter be questioned in any action, suit or proceeding whether brought under the provisions of this act or otherwise."

If we read and construe the provisions of section 50 which provides how the proceedings shall be entitled and the provisions of section 13 we have just quoted together it is quite clear that no parties were to be named when the proceedings were instituted until some one appeared to answer or to demur to the proceedings.

We have thus quoted from the act as it is in force now for the purpose of making clear its purpose and to call attention to the character and nature of the proceedings that are contemplated and authorized by the act. We think it is quite clear that the only special proceeding that is contemplated and authorized by the act is a proceeding which is in the nature of a proceeding in rem, and which may be instituted for the sole purpose of examining into and determining the

legal status of the district and the legality of the bonds and
contracts mentioned in the act. It must be obvious to every
lawyer that in order to make a decree which the court is au-
thorized to enter in such a proceeding binding upon all,
whether they are parties or privies thereto or not, can only
be done by a proceeding which in its nature and purpose is a
proceeding in rem, and that such a proceeding necessarily is
purely statutory. Further, that in such a proceeding private
rights are not and cannot be affected. Such rights, if any
exist, may be litigated as provided by our Constitution and
laws in any court of competent jurisdiction, regardless of the
proceeding contemplated by the act in question. No doubt
the Legislature may provide for special proceedings wherein
the legality of the organization of a public corporation may
be tested, and may specify the persons or officers who may
institute such proceedings, and may deny the right to do so
to all others.

By what has been said is not meant that where private
rights are sought to be vindicated or protected any one who is
sui juris whose rights are affected may not assail the legality
of an irrigation or conservation district or of a public corpo-
ration in order to protect such rights. In such proceeding or
action the legality of the organization is, however, only an in-
cident, and is drawn in question only because it is necessary
to do so in order to vindicate or protect such private rights.
In a proceeding like the one contemplated in the act the only
purpose is to inquire into the legality or regularity of the
proceedings respecting the organization of the district, for the
purpose of forever setting that question at rest and of pre-
venting all further litigation respecting that matter. Persons
who are not parties to an action can only be bound by pro-
ceedings in rem, and then only when instituted and
prosecuted in pursuance of the statute. Such a pro-
ceeding, in order to have any effect, must be specially
authorized by some legislative act. The Legislature may,
however, not only provide the procedure that shall be fol-
lowed, but they may also designate the persons or officers who
shall institute them. That is precisely what was done in the

act in question. The Legislature having designated the board of directors of the district as the officers who shall institute such a proceeding, they and no others may do so.

Quite apart from the fact that in such proceedings in order to be effective the statutory requirements must be followed, it is made clear from what we have quoted from section 13, supra, that the Legislature intended that the board of directors and no others shall have the power to institute such proceedings. It will be observed that it is there provided that the organization of the district, etc., is conclusive only after the time there stated has elapsed, and in case there is a board of directors. The reason for that provision is very clear. If there is a board of directors, it may bring an action at any time, and hence the time there given is sufficient. In this connection it should also be remembered that, although quo warranto were instituted as suggested in section 13, yet neither the plaintiffs as individuals nor any other individual would be authorized to institute and maintain such a proceeding any more than they would be the special proceeding provided for in the act. If they sought to vindicate or protect private rights they could do so in some appropriate action. That such is the law of this jurisdiction is settled in the case of *State ex rel. Murdock* v. *Ryan*, 41 Utah, 327, 125 Pac. 666. In no event, therefore, may private persons assail the legality of the organization of a public corporation unless that is done as an incident to protect private rights.

It is, however, insisted by appellants that they have the right to maintain this proceeding for the reason that they made a special demand upon the board of directors to institute the proceeding, and that the board refused to do so. That contention is predicated upon the theory that the appellant's have personal rights within the district, and that therefore they may be considered the same as though they were stockholders in a private corporation, and as such had a right to demand the directors of such private corporation to commence an action to protect the rights of the corporation, and incidentally the rights of the stockholders, and that in case of a refusal by the directors the stockholders or some of them

may institute a proper action or proceeding. It should be remembered, however, that in the supposed proceeding only personal or private rights would be protected or vindicated, and such an action is instituted entirely for that purpose. Moreover, such an action is not intended to bind any one except parties and privies. A proceeding like the one at bar, however, as we have pointed out, is entirely different from an ordinary action of the directors or stockholders of a private corporation, and hence the contention advanced by appellants has no application here.

It is, however, further contended that the word "may" in section 47 should be construed as though it read "must" or "shall." The natural, usual, and ordinary meaning of the word "may" implies permission or sanction, and it must be given that construction "unless such construction would obviously be repugnant to the intention of the Legislature or would lead to some other inconvenience or absurdity." 5 Words and Phrases First Series, p. 4420. The foregoing is quoted with approval by this court in *Purcell* v. *Wilkins*, 57 Utah 467, 195 Pac. 547. There not only is nothing in the context of section 47 which indicates that the word "may" was intended to be given any other than its usual and ordinary meaning, but, as we have pointed out, the whole tenor of the language of the act is that it was intended that the word is used in a permissive sense, and that the board of directors is alone authorized to institute the proceeding contemplated by the act. In view, however, of the nature and purpose of the proceeding, if the word "may" should be construed as though it were written "must," still appellants could not institute or maintain this proceeding. As pointed out, the proceeding is purely statutory, and is for a special and limited purpose, and hence must be brought by the officers and be prosecuted as provided in the act. If it were held, however, that the statute is mandatory, and thus made it the duty of the board of directors of the district to institute the proceeding, nevertheless, the appellants would have a plain, speedy, and adequate remedy against the board of directors. They could

compel the performance of the duty by filing an application for a writ of mandate, and thus coerce the board to discharge its duty and to prosecute any proceeding thus instituted with effect. A proceeding thus instituted by the board of directors, whether voluntary or otherwise, would still **3** have the same effect as a proceeding originally commenced by the board of directors. Upon the other hand, a proceeding in the name of individuals against other individuals could not accomplish the results contemplated by the statute.

We shall not pause here to quote from the authorities respecting when, by whom, and under what circumstances proceedings in rem may be instituted and their effect. The subject is learnedly discussed in 2 Black on Judgments (2d Ed.) c., 20. See, also, *Hilton* v. *Snyder,* 37 Utah, 384, 108 Pac. 698, Ann. Cas. 1912C, 241, and *Shores* v. *Hooper,* 153 Mass. 231, 26 N. E. 846, 11 L. R. A. 308, where the subject is considered.

We have carefully read the cases cited by appellants. None of them has any direct application to the proceedings at bar, and hence we do not deem it necessary to review those cases.

We are clearly of the opinion that appellants have entirely misconceived their remedy, and hence this proceeding must fail. In view of the conclusions we have reached it is not necessary to refer to the other grounds of the demurrer.

The judgment is affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.