UDELL SAVINGS BANK, Appellant, v. W. S. HOLLINGSWORTH, Appellee.

**BILLS AND NOTES:** Negotiability—Omission of Revenue Stamps. A
1 promissory note which is otherwise negotiable is not rendered non-negotiable by the omission of the Federal revenue stamps.

**BILLS AND NOTES:** Actions—Evidence—Recitals in Decree of Dis-
2 solution. A decree of dissolution of a corporation, and the findings and recitals of fraud, as a reason for dissolution, are ad-

missible, on the issue of fraud and want of consideration, against an alleged bona-fide holder of a negotiable promissory note which was given for the purchase price of corporate stock of the corporation, even though such holder was not a party to the action for dissolution.

*Appeal from Appanoose District Court.*—C. W. VERMILION, Judge.

SEPTEMBER 26, 1922.

ACTION to recover on a promissory note by the plaintiff who claims to be a holder in due course. Upon the conclusion of the testimony the court sustained defendant's motion for a directed verdict and entered judgment against plaintiff for costs. Plaintiff appeals.—*Reversed.*

*H. E. Valentine,* for appellant.

*Purley Rinker* and *Howell, Elgin & Howell,* for appellee.

DE GRAFF, J.—Plaintiff seeks to recover as a holder in due course on a promissory note reading as follows:

August 8, 1919.   $750:

Six months after date I promise to pay to the order of myself seven hundred fifty...... dollars for value received, with interest at the rate of 6 per cent per annum.

1. BILLS AND NOTES: negotiability: omission of revenue stamps.

Due February 8, 1920.                    W. S. Hollingsworth.
[Indorsed] W. S. Hollingsworth.

This appeal involves the correctness of the ruling of the trial court in directing a verdict for the defendant. In view of the two propositions argued in this court, there is little occasion to recite the facts and circumstances surrounding the inception and execution of the note in suit.

I. It is established by undisputed evidence that the note at the time of its negotiation to the plaintiff bank did not bear the internal revenue stamps as required by Federal statute. For this reason the trial court ruled "that the note was not regular

and complete on its face" and that the bank "did not become a holder of the note in due course."

This ruling is predicated on the theory and principle stated in *Lutton v. Baker*, 187 Iowa 753, which since the instant trial has been overruled in *Farmers' State Bank v. Neel*, 193 Iowa 685. See, also, *Richardson v. Cheshire*, 193 Iowa 930.

Our legislature in the enactment of the Negotiable Instruments Law defined the essential elements of negotiable paper, and no other legislative body has power to change or amend that law. Negotiability is a property or characteristic of certain written instruments, and such instruments must contain the essential elements as defined, and must be transferred under the conditions prescribed by that law. A holder in due course does not come into being otherwise.

Sufficient to state in disposing of this point that the omission of revenue stamps does not affect the negotiable character of the note in suit. It was error to hold that it was not regular and complete on its face.

II. The other proposition concerns itself with the admissibility of a decree entered by the district court of Iowa in and for Polk County in a cause of action instituted by the state of Iowa upon relation of its attorney general 2. BILLS AND NOTES: actions: against the Associated Packing Company for the evidence: recitals in decree of dissolution of said corporation and the annulment of its charter.

The note in suit was executed and delivered to agents of said corporation by the defendant for shares of its stock. The date of the note is August 8, 1919. The note was purchased by the plaintiff bank on August 9, 1919. Some time subsequently thereto the petition in the dissolution suit was filed in the Polk County court and on the 23d day of October, 1920 the decree was signed by the presiding judge, Hon. E. M. McCall, and entered of record.

The Associated Packing Company at the time of the negotiation and purchase of this note by the plaintiff was competent to transfer its title to negotiable paper. It is also true that any fraud in the inception and execution of such paper may be proved by the maker as a defense when a claimed bona-fide holder seeks to recover thereon.

The defendant-maker sought to establish and prove fraud by the introduction of a subsequent decree of dissolution of the corporation which was the original indorsee of the note. Was the decree with the recitals therein competent and therefore admissible? The plaintiff bank was a stranger to the dissolution suit, to the issues, and to the provable and proved facts. True the court could have decreed the death of the Associated Packing Company without giving a reason. The material question is: Are the findings and declarations of the court upon which the judgment of dissolution is predicated as binding *inter omnes* as is the recital that the corporation is dead and its charter annulled?

This case has no quarrel with the distinction between judgments *in rem* and judgments *in personam*. The decree in the dissolution case fixed the status of the corporation and that status is binding on the world. The adjudication of a status is a judgment *in rem*. The *res* relates to the corporate franchise. The prayer of the petition of the state of Iowa asked "for the dissolution of the corporation, the Associated Packing Company, that its charter be revoked and a liquidation had," and the decree entered recites that "the same is hereby granted, and the charter of said corporation is hereby annulled and revoked and the corporation is ordered dissolved and its assets distributed."

The decree in the dissolution case recited by a finding that there was fraud practiced upon the state of Iowa in the application for the charter; that there was a conspiracy between the officers of the corporation and the officers of the Associated Finance Company to defraud the purchasers of stock in the Packing Company; that shares of capital stock were issued without having received the full par value therefor, in money or in property; that false written reports and statements of its financial affairs were made by the Packing Company; that it was a promotion scheme, and that its incorporators did not have a good-faith intention to engage in the packing business.

The trial court in the case at bar ruled that "the note in suit was without consideration having been given for shares of stock in a corporation which has been found and adjudicated in a proceeding brought by the state to have been organized and

to have originated in a fraudulent purpose.'' This was not conclusive against the plaintiff bank, as it alleged that it was a holder in due course.

The defendant tendered the issue of fraud in the inception of the note, and as to this issue the defendant had the burden. The issue tendered by the plaintiff in its reply is the *bona fides* of the purchase of said note. The Negotiable Instruments Law on this issue places the burden of proof upon the plaintiff, and he must establish that he is a bona-fide holder within the definition of the statute. Negotiability contemplates two things: First, that the instrument in suit is negotiable in form; that is to say, that it possesses the earmarks of a negotiable instrument as defined by the statute. Section 3060-a1. Second; that the said instrument was transferred under the conditions defined by the statute. Section 3060-a52. As to the latter essentials the plaintiff has the burden. This much being clear, we are confronted with the question were the findings of fact and the declarations of fraud as recited in the decree of dissolution such an essential part thereof to become competent evidence under the pleadings and issues of the instant case? It must be borne in mind that the findings recited in the decree concerned facts of which the plaintiff bank could have had cognizance at the time it purchased the note in suit. Furthermore the findings and declarations as contained in the decree inhered in the status which was determined and declared by the court. These findings were involved and determined by the judgment entered. Therefore the burden was upon the plaintiff bank to prove that it did not have knowledge or notice of the facts recited and declared to be fraudulent, and which inhered in the decree of dissolution. Section 3060-a59. The alleged fraud in the inception of the corporation was the gist of the action instituted by the attorney general and was the basis for its dissolution.

The maker of the note in question had the right to plead and to rely upon the decree of dissolution as evidence of a failure of consideration. An absence of consideration is a defense in an action upon a note, except as against a bona-fide holder thereof. Section 3060-a28. The decree involved an adjudication of the status of a particular subject-matter by a tribunal having competent authority for that purpose. See 2 Smith's Leading

Cases 585 (9th Am. Ed. p. 2015); 2 Black on Judgments (2d Ed.) Section 792.

The finding of the court upon the issue of fraud in the adjudication of the status was a material and necessary part of the judgment and inhered therein. It did not involve collateral matters or litigation. The status of the subject-matter fixed by the decree comprehends and includes the legal effect of the decree which in its broadest scope is binding and conclusive upon the world. By virtue of the decree it was a declaration in legal effect that the corporation never had a valid existence as such. This is a part of the status. Purchasers of stock, of which the maker of the note in suit was one, by operation of law became creditors of the Associated Packing Company to the extent of payments made to the company.

This case is not one in which a corporation validly and legally organized has been dissolved for some reason occurring subsequently to the granting of the franchise or for reasons arising subsequently to the negotiation and purchase of the note or instrument in suit. The bankruptcy cases cited by appellant are not in point and therefore not controlling. See *Lewis v. Sloan,* 68 N. C. 557; *Silvey & Co. v. Tift,* 123 Ga. 804 (1 L. R. A. [N. S.] 386).

The decree was "a solemn declaration proceeding from an accredited quarter concerning the status of the thing adjudicated upon, which very declaration operates accordingly upon the status of the thing adjudicated upon, and *ipso facto* renders it such as it is thereby declared to be."

Without further quotation from the authorities we cite the following: *Old Dominion Copper M. & S. Co. v. Bigelow,* 203 Mass. 159 (89 N. E. 193); *State v. McDonald,* 108 Wis. 8 (84 N. W. 171); *Giblin v. North Wis. Lbr. Co.,* 131 Wis. 261 (111 N. W. 499); *In re Union El. R. Co.,* 112 N. Y. 61 (19 N. E. 664); *Tremblay v. Ætna Life Ins. Co.,* 97 Me. 547 (94 Am. St. 521); (See note p. 550); *Hilton v. Snyder,* 37 Utah 384 (108 Pac. 698); *Snouffer & Ford v. City of Tipton,* 150 Iowa 73; *Werner v. Fraternal Bankers' Res. Soc.,* 172 Iowa 504; 2 Freeman on Judgments (4th Ed.), Chapter XXVIII; *Tilt v. Kelsey,* 207 U. S. 43 (52 L. Ed. 95); *Gorham Co. v. United Eng. & Cont. Co.* 202 N. Y. 342 (95 N. E. 805); *Amparo Min. Co.*

*v. Fidelity Tr. Co.* 74 N. J. Eq. 197; *Cross v. Armstrong,* 44 Ohio St. 613 (10 N. E. 160).

For the reason indicated in Division I hereof the judgment entered by the trial court must be—*Reversed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.