No. 14,776.

STATE COMPENSATION INSURANCE FUND ET AL. *v.* MATTIVI ET AL.

(106 P. [2d] 463)

Decided October 7, 1940.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. DEAN JOHNSON, Assistant, Mr. FRANK A. BRUNO, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiffs in error are hereinafter referred to as the coal company and the fund, and defendants in error as the claimant and the commission respectively, and one August Mattivi, deceased, as Mattivi.

As the result of an accident arising out of and in the course of his employment with the coal company, Mattivi was injured December 31, 1937, and died that day. Claimant, as alleged widow by a common-law marriage of date November 7, 1937, sought compensation. The only contested point was that of relationship. The referee found for claimant, his finding was approved by the commission, and the court affirmed the award. To review that judgment this writ is prosecuted.

January 7, 1938, the county court of Huerfano county appointed one Villotte, related by marriage to Mattivi, as administrator. In February following claimant, alleging widowhood as above, sought her substitution.

March 17, the county court found that she was the widow and as such entitled to administer. Accordingly he revoked the letters of Villotte and appointed claimant.

The commission adjudged, inter alia:

"The Commission further finds that this decision [for claimant] is reached solely because the claimant herein has heretofore been found by the County Court of Huerfano County to be the common-law wife. of the deceased. The Commission is not impressed with and frankly doubts the testimony of claimant's witnesses which was presented to establish a common-law relationship, and if it were not for the previous decree of the County Court above mentioned, this Commission would have reversed the Referee's Award upon its review and in its Order of August 23, 1939.

"The Commission is of the opinion that the decree of the County Court of Huerfano County, however ill founded it may be, is binding upon this Commission."

Under the record, therefore, these questions are now presented: 1. Was said county court "decree" admissible? 2. If admissible was it merely prima facie evidence or res judicata? 3. If not res judicata was common-law marriage still the only reasonable conclusion permissible from the whole evidence?

It will be observed that here and hereafter in this opinion we refer to the order of the county court as a "decree" because that is the word used throughout the record. If any kind of a decree it is merely interlocutory. Properly speaking it is simply an order.

■ 1. While the authorities are not unanimous we think the better reasoning supports the conclusion that the county court decree was admissible.

■ 2. We think all the authorities support the conclusion that said decree, if admissible, could constitute nothing more than mere formal prima facie evidence. Certainly it was not res judicata on the issue here presented. The question before the county court was sim-

ply the right to administer. The hearing was little more than ex parte. These plaintiffs were not parties thereto, hence under the general rule could not be bound. 34 C.J., p. 984, §1405; p. 988, §1407; p. 1043, §1480; *Hilton v. Snyder*, 37 Utah 384, 108 Pac. 698; *Sorensen v. Sorensen*, 68 Neb. 483, 496, 98 N.W. 337, 338, cited and distinguished in *Morrow v. Morrow*, 100 Colo. 424, 430, 68 P. (2d) 36.

■ 3. There is evidence in this record to support a finding of common-law marriage and evidence to the contrary. No good purpose can be served by reciting or abstracting it. We have examined it carefully and a statement of our conclusion is here sufficient. It is stoutly contended that, since the commission found for claimant and there is evidence to support that finding, the judgment must be affirmed under the rule that a wrong reason cannot defeat a correct decision. That contention would be unanswerable had the commission said, in substance, "Irrespective of the questioned decree we find common-law marriage." But it says the contrary. In effect it says, "Coerced by this decree we find for claimant; if not so coerced we would find against her." Since we conclude it was not so coerced we might, perhaps, order judgment against her. We think, however, it is permissible under the law, to return this cause to the commision for a clear cut decision on the contested issue, unprejudiced by its erroneous presumption of res judicata.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

MR. JUSTICE YOUNG and MR. JUSTICE BAKKE concur.