## MURDOCK v. MURDOCK, County Treasurer, et al.

No. 2149. Decided January 17, 1911 (113 Pac. 330).

1. TAXATION—PERSONAL PROPERTY—LEGAL ASSESSMENT—TAXES—CONSTRUCTION—"OWNED"—STATUTE. Const., art. 13, section 10, provides that all persons in the state shall be subject to taxation on the real and personal property "owned" or used by them within the territorial limits of the authority levying the tax, and Laws 1896, c. 129, section 13 (Comp. Laws 1907, section 2515), declares that all of the taxable property must be assessed in the county, city, or district in which it is situated. *Held*, that the word "owned," as used in the constitutional provision, does not mean that the property was owned where the owner thereof necessarily resides, but that personal property must be considered according to the legislative construction of the term to be "owned" where it is situated, and hence, where a band of sheep had never been within the territorial limits of a city during the period for which taxes were assessed, they were not taxable there. (Page 376.)

2. TAXATION—ANSWER—GENERAL DENIAL—WAIVER. Where, in a suit to recover personal taxes alleged to have been paid under protest, defendant city filed a general denial, but at the trial did not contest the truth of the facts with respect to payment of the taxes under protest, insisting, instead, that such facts did not in legal effect amount to a payment under protest, the denial amounted to a waiver of formal proof of the fact of protest. (Page 378.)

3. TAXATION—PAYMENT UNDER PROTEST—FORM. Under Comp. Laws 1907, section 2684, authorizing the payment of taxes claimed to be illegal under protest and a suit to recover the same, without prescribing the form of protest, it is not required that the protest be in writing or in any particular form, it being sufficient if the payment is made under an oral protest given to the collector at the time of payment, and by him entered or noted on the record. (Page 379.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by James S. Murdock against Lavina Murdock, Treasurer of Wasatch County, and others, to recover certain taxes paid under protest.

Judgment for plaintiff.  Defendant, Heber City, appeals.

AFFIRMED.

*J. H. McDonald, H. J. Dininny* and *Robert Anderson* for appellant.

*A. C. Hatch* for respondent.

FRICK, C. J.

The respondent bronght this action pursuant to the provisions of section 2684, Comp. Laws 1907, to recover from the defendants Lavina Murdock, as treasurer of Wasatch County, Utah, and from Heber City, a municipal corporation of said county, the amount stated in his complaint, upon the ground that said amount was paid to said Lavina Murdock as treasurer under protest for municipal taxes levied by said city for the year 1909, which taxes, it is alleged, were illegal and void because the sheep upon which all of said taxes were levied at no time were within the corporate limits of said Heber City.  The defendant Lavina Murdock appeared in the action and filed her answer to the complaint. In her answer, among other things, she admitted that she collected from the respondent and others who had for the purposes of the suit assigned their claims to him the sum of eight hundred and seventy-two dollars and forty-seven cents; that she collected the said sum as taxes which were levied by Heber City for municipal purposes for the year 1909 upon a certain number of sheep, stating the number; that said sum of money was paid by the parties paying the same under oral protest made at the time, and such protest she at such time entered upon the records of said county; that she received, and is now holding, all of said money so paid as aforesaid as treasurer of said county in trust, and is ready and willing to pay the same in court, or to make such disposition thereof as the court may direct.  Heber City also appeared, and in its answer to the complaint admitted that the respondent and his assignors had paid the amount aforesaid

to said Murdock as treasurer for taxes levied by said Heber City for municipal purposes for the year 1909, that said taxes were levied on certain sheep for said year, and that none of said sheep during said year were within the territorial limits of said Heber City. The allegation that the taxes were paid under protest was denied as hereafter stated. The answer of Heber City also contains some affirmative matter which under the view we entertain of the case it is unnecessary to notice, except to state that it was averred therein that the respondent and his assignors during all of the year 1909 were residents of Heber City, and as such owned the sheep on which said taxes were levied; that while said sheep at no time were kept or were within the corporate limits of said city they nevertheless were not permanently kept or located at any place, but "were driven from place to place and from one taxing district to another for grazing purposes." The court disregarded the affirmative matters referred to, and in effect entered judgment on the pleadings in favor of respondent and against both the treasurer and said Heber City for the amount admitted by them in their answers as aforesaid. Heber City alone appeals.

The principal question for determination is whether the taxes involved in this action were void for the reason that the sheep upon which the same were levied were at no time within the corporate limits of said city, although the parties who owned them were residents therein. The question with respect to what constitutes the situs of movable property for the purpose of local taxation is one that is usually, but not always, governed by some constitutional or statutory provision. When there is such a provision, the courts have no power save to construe and enforce the same. In section 10 of article 13 of the onstitution of this state it is provided that "all corporations or persons in this state, or doing business therein, shall be subject to taxation for state, county, school, municipal or other purposes, on the real and personal property owned or used by them within the territorial limits of the authority levying the tax." Pursuant to this constitutional provision, the first legislature of the state of

Utah after the adoption of the Constitution passed an act entitled "Revenue Act," of which section 13 is material here and which in part reads as follows: "All of the taxable property must be assessed in the county, city or district in which it is situated." (Laws Utah 1896, p. 428.) The foregoing provision, with the exception of the two words "of the" in the first line, was therafter carried into the Revised Statutes of 1898 as section 2515, and now constitutes a portion of a section by the same number in the Compiled Laws of 1907. The provision has therefore been in force continuously since 1896, when it was first adopted. We thus have had in force a legitlative construction of the constitutional provision, which, so far as we are aware, had been acquiesced in for nearly fifteen years when this action was commenced. Notwithstanding this, however, appellant's counsel contend that the term "owned" as used in the Constitution means that property is owned where the owner thereof resides. As we have seen, the legislature has applied a different meaning to the term. While a legitlative construction may not be conclusive upon the courts, yet it always is entitled to respectful consideration, and may under certain circumstances be of great weight if not conclusive. We are of the opinon, however, that the interpretation which the legislature has placed upon the constitutional provision aforesaid is the correct one. In view of the universal rule that real property has always been subject to taxation at the place where situated, there can be no doubt that the term "owned," as used in the Constitution, has reference to the place where the property is, and not to where the owner may reside. That is, the language that corporations and persons shall be subject to taxation "on the real and personal property owned or used by them within the territorial limits," etc., refers to the place where the property is situated, and not to the home or place of residence of the owner. So far as real property is concerned, there can be no doubt that such is the meaning. Nor do we think there is any doubt with regard to personal property. If it had been intended to fix the place of taxation at the

place where the owner lived, then it was needless to add the words "or used" after the word "owned." If "owned" referred to the owner and his place of residence, why say "or used?" It is easy to perceive that an owner of personal property may live in one place and be the owner of movable property which is used at some other place. In order, therefore, to avoid all misconception with regard to the place where such property is taxable, the place of taxation was fixed at the place where it was used. Under the constitutional provision, therefore, the place where the owner resides is not of controlling importance, but the controlling question always is, Where is the property situated? When that place is ascertained, the inquiry ends. We are of the opinion, therefore, that the sheep were not assessable or taxable in Heber City because none of them at any time during the year 1909 were within the "territorial limits" of said city. From this it necessarily follows that the taxes in question were levied without legal authority and hence are void.

The contention that the sheep were not kept in any one place, but were constantly being moved or driven from one place to another, and thus could not be assessed for local purposes at any place, is for the purposes of this case wholly immaterial. Under the constitutional provision, the sheep no doubt were assessable for local as well as for state or general purposes somewhere. It is, however, not material now to determine where that place was. It is enough for the purposes of this decision to determine, as we have, that Heber City was not the proper place.

Counsel for Heber City, however, make the further contention that the court erred in rendering judgment because in the answer of said city it was denied that the taxes were paid under protest. This denial was not specific. It was one of those general denials where, after the pleader had referred to such specific allegations of the complaint as he deemed proper to do, he, quoting his own language, "denies each and every allegation in plaintiff's complaint . . . not herein specifically admitted. It is not contended, nor do

we hold, that such an answer is not entirely proper and sufficient. Indeed, we hold that it is proper and sufficient to put in issue all of the allegations that are denied in that way. In this case we are of the opinion, however, that it was not intended by the general denial aforesaid to put in issue any material fact which was alleged in the complaint with respect to the protest for the following reasons: As we have seen, there are two defendants and two separate answers were filed. The county treasurer in her answer specifically set forth the acts which respondent contends constituted payment under protest, and left it for the court to determine whether as a matter of law the facts so pleaded amounted to a payment under protest. When the matter came on for hearing with respect to the legal effect of the pleadings, the record discloses that, in addition to the statements contained in the pleadings, all the parties to the action made some admissions not specifically contained therein. From the record, it is resonably clear that counsel for Heber City did not at that time contest the truth of the facts with respect to the payment under protest, but what they insisted upon was that the facts as averred by the treasurer, and as contended for by respondent, did not in legal effect amount to a payment under protest. In other words, payment under protest was disputed only because counsel for Heber City contended that the facts as pleaded in contemplation of law did not constitute payment under protest. We have no doubt that, if counsel for Heber City in the court below had contended that the facts with respect to the protest as pleaded by the county treasurer were untrue, respondent's counsel would have made formal proof with respect thereto. We are also of the opinion that, in view of what is disclosed by the record, counsel for Heber City in effect waived formal proof with respect to the protest. In view of this, it would be unfair to permit Heber City now to take the position that the facts were disputed rather than that the only controversy was whether the facts if true constituted payment under protest as a matter of law. Further, we are of the opinion that under the provisions of section

2684, Comp. Laws 1907, the payments as made by appellant and his assignors as the same were by the treasurer noted on the tax records constituted a payment under protest. No particular form of protest is required by the statute. Nor is it required that a protest be in writing. From the facts as admitted by the treasurer, she clearly understood that that portion of the taxes which were claimed by Heber City were paid under protest because they were claimed to be illegal for the reason that the sheep upon which they were levied at no time were within the territorial limits of said city. What more could be required? When the statute prescribes no special conditions in making a protest, it would seem that the courts can require none.

In conclusion we remark that, if it were conceded that the court committed error in rendering judgment over the general denial of the protest, yet, in view of the whole record to which reference has been made, we are thoroughly convinced that such an error was technical merely, and in no way affected any of the substantial rights of the appellant.

The judgment therefore ought to be, and it accordingly is, affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.