Dora Baker, appellee, v. Central Irrigation District
et al., appellants.

Filed March 28, 1913.    No. 17,022.

1. Waters: Irrigation Districts: Lands Subject to Assessment. In
order to subject lands to the payment of taxes and assessments
for the support of an irrigation ditch, the boundaries of the irri-
gation district must be sufficiently definite and certain to identify
the land to be irrigated thereby, and the amount thereof. Section
28, art. II, ch. 93a, Comp. St. 1901.

2. ———: ———: Boundaries: Description. In surveying the
boundaries of an irrigation district, where straight lines are not
followed, meander lines should be set out with sufficient definite-
ness to substantially indicate the route followed and to identify
the lands sought to be embraced within the district. In such a
case a description by metes and bounds, which would be sufficient
in an ordinary deed, is sufficient.

3. ———: ———: ———: ———. In making such a survey, a call
in one of the main lines or courses, "From a point on the section
line about 800 feet east of the southwest corner of section 10, Tp.
21, R. 54, thence in a northeasterly direction to the east line of
section 10," is too indefinite and uncertain to determine how
much of the land through which such call is intended to run is
within the irrigation district.

4. ———: ———: Assessments: Injunction. In a suit in equity by
a landowner to restrain an irrigation district from procuring the
taxation of her lands for the support of its irrigation ditch, if it
appears that the plaintiff in such suit has in fact used water from
the defendant's ditch, upon a certain number of acres of said
land, an injunction is properly refused as to such lands so
watered, even though it may be found in the same suit that plain-
tiff's lands generally, by reason of uncertainty in the description
of the boundaries of such district, are not taxable therein.

Appeal from the district court for Scott's Bluff county:
Hanson M. Grimes, Judge.    Affirmed.

L. L. Raymond and James E. Philpott, for appellants.

W. W. White, F. A. Wright and J. G. Mothersead,
contra.

FAWCETT, J.

Plaintiff is the owner of the south half, and the northeast quarter, of the southwest quarter, and the southwest quarter of the southeast quarter of section 10, township 21, range 54 west, in Scott's Bluff county. The defendant was organized for the purpose of purchasing the canal and franchises of the Central Canal, which purchase was made and bonds to the amount of $21,000 issued for carrying out the purposes of its organization. Plaintiff instituted this suit in the district court for Scott's Bluff county, and in paragraph 3 of her petition alleges: "That only a portion of said land is within the boundaries of said irrigation district, although said irrigation district has taxed all the said land for irrigation purposes. That so much of said land as lies south and east of a line commencing 800 feet east of the southwest corner of said section 10, running thence in a northeasterly direction until it intersects the east line of section 10 at a point south of where the east line of section 10 intersects the south bank of the North Platte river, was never included in the defendant district. That an exact description of the land included by the defendant district for irrigation purposes and the amount thereof cannot be given, for the reason that the field notes of the survey of said district do not show the point on the east line of said section 10 where the straight line commencing 800 feet east of the southwest corner of said section intersects the east line thereof. Plaintiff states that from natural causes but a small tract of plaintiff's land lying north and west of the said above described lands, amounting to not more than 26,695 acres, is susceptible of irrigation from the ditch of the said company, and such was the case when said district was formed." In paragraph 7 the petition alleges: "That plaintiff has frequently requested said district and its officers not to include her said lands within the boundaries of said district, and to exclude the same, and to levy no taxes on same for irrigation purposes, but defendant

refuses to comply and still refuses to do so." The prayer is: "Wherefore, she prays that her said lands be declared nonassessable for irrigation purposes for support of defendant district; that said lands be detached from said district, and that all persons acting for and on its behalf be enjoined from levying or assessing taxes against said land for irrigation purposes; that the taxes already assessed be declared null and void, and that the cloud upon her title to said lands be removed, and she have such other and further relief as equity and justice may require." We have quoted all of the petition necessary to be considered here.

For answer to paragraph 3 of the petition defendant denies the allegation that the land lying south and east of the line referred to was never included in defendant district; alleges that "the said 'straight line,' commencing 800 feet east of the southwest corner of section 10," is only assumed so to be by plaintiff and is fictitious; avers the facts to be "that a line commencing at said point 800 feet east of said southwest corner, thence northeasterly, east, northeasterly, etc., varying in the points of the compass only so as to pass over the most practicable route for defendant's canal to the east line of section 10, includes within defendant district all of plaintiff's lands as were, as it is alleged by plaintiff, never included in the defendant district; * * * that the last above named line, so including plaintiff's lands, is the line so commencing 800 feet east of said southwest corner of section 10;" that at the time of the organization of defendant district on or about June 10, 1901, plaintiff's said lands were included within the boundary of defendant district; that all of said lands then and there became, were, and ever since, and now are a part of the real property of defendant district, and as such are subject to assessment and taxation for the payment of the purchase by defendant of the central ditch and all its rights and franchises for the use of defendant, and also subject to assessment and taxation for the payment of all other

liabilities incurred in the necessary maintenance and operation of said central ditch for the use and benefit of the defendant; that 90 acres or more of plaintiff's lands included within the boundary of defendant's district are irrigable. As to paragraph 7 of the petition, quoted above, the answer is a general denial. The reply, in substance, is a general denial.

By its decree the court found: "That the boundaries of the defendant district are so indefinite and uncertain that they do not show, nor can it be determined therefrom, just how much of plaintiff's land is within the defendant district; that the plaintiff has used water to irrigate 20.59 acres of her land set out and described in her petition; and that she is liable for the taxes levied and assessed for such number of acres. The court further finds that plaintiff is entitled to the injunction prayed as to the taxes levied and assessed against 139.41 acres of her said lands; that injunction against the assessment and collection of taxes for irrigation purposes against the 20.59 acres should be denied. To which findings both plaintiff and defendant separately except. The court further finds that it is without jurisdiction to hear and determine just what lands are irrigable. To which finding plaintiff excepts." Judgment was entered in accordance with these findings. From this judgment defendant appeals.

It will be observed that only two questions are really before us for review: (a) Whether or not the court erred in holding that the boundary of defendant district is so indefinite and uncertain that it cannot be determined how much of plaintiff's land is within defendant district; and (b) whether the court erred in holding plaintiff liable for the taxes upon 20.59 acres of land, upon which the evidence shows she had actually used water, instead of upon 26,695 acres, which in paragraph 3 of her petition plaintiff said is susceptible of irrigation from defendant district. Upon the first of these points defendant argues that the allegations above quoted from paragraphs

3 and 7 of plaintiff's petition constitute an admission by plaintiff that her land is in defendant district. We are unable to concur in this construction of the pleading. It will be observed that the quotation from paragraph 3 of the petition consists of four sentences. If the allegation rested upon the first two sentences, it might possibly bear the construction defendant places upon it, but the third sentence precludes that construction. In that sentence it is distinctly alleged that the description of the land included in defendant district cannot be given, and states the reason why it cannot be done. The call of the survey in controversy is: "From a point on the section line about 800 feet east of the southwest corner of section 10, Tp. 21, R. 54, thence in a northeasterly direction to the east line of section 10, Tp. 21, R. 54, thence north on said section line to the south bank of the North Platte river." Who can say from this description where this "northeasterly" line would strike the east line of section 10? It cannot be and is not claimed that a "northeast" line was intended. Such a line would intersect the North Platte river some distance west of the east line of section 10, and therefore would never intersect the east line of the section. There is nothing in the call to indicate that a meandering line was intended, such line to correspond with the topography of the ground over which it was being run, so that the east line of the section might be reached by following the desired grade of the ditch. The call does not read, as brief of counsel for defendant suggests it might have read: "Thence northeasterly on a uniform grade of one and eight-tenths foot per mile to the intersection with the east line of said section 10." Even such a call would to some extent be uncertain, for the reason that one surveyor, in running such a line to the east line of section 10, might survey around high places or depressions, while another might go straight through the former and over the latter. We have carefully examined the evidence and plats submitted, and from neither are we able to determine where this so-called northeasterly line would,

or whether by the course indicated by defendant's counsel it ever could, reach the east line of section 10.

The defendant district was organized June 10, 1901. The record does not show whether it was organized under the provisions of section 28, art. II, ch. 93a, Comp. St. 1901, or under section 2, art. III of that chapter. In either case the description under consideration is insufficient. Section 28, art. II, *supra,* provides that, when an application to appropriate water is made, "said application shall set forth the name and postoffice address of the applicant, the source from which said appropriation shall be made, * * * and if for irrigation a description of the land to be irrigated thereby, and the amount thereof." Section 2, art. III, *supra,* provides that the petition "shall set forth and particularly describe the boundaries of said district." Under a provision exactly similar to the one last above quoted, the supreme court of California, in *Central Irrigation District v. De Lappe,* 79 Cal. 351, say: "Several objections are taken to the description contained in the petition. They are based upon the requirement of the second section of the act that such petition 'shall set forth and particularly describe the proposed boundaries of such districts.' It is probable that this provision requires a description by metes and bounds, for it is 'the boundaries' which are to be described, and not merely the district. But we think that a description by metes and bounds which would be sufficient in an ordinary deed is a compliance with the provision." We think the California court there applies the correct test. That the description under consideration here utterly fails to meet this test is too apparent to require discussion. We think the district court was warranted in holding that this description was entirely too indefinite and uncertain to warrant it in holding plaintiff's land subject to taxation for the support of defendant ditch.

On the second point, we think the court was right. Under its holding that the boundaries were too uncertain for it to decide what lands of plaintiff were in the dis-

33

trict, the court would have been compelled to grant plaintiff relief as to all of her lands, but for the fact that the evidence shows that she had actually used water upon 20.59 acres. Such being the fact, the court properly required her to do equity by paying the taxes assessed upon that much of her land. It could not consistently do more, and equity would not sanction less.

The judgment of the district court appears to us to be right. It is therefore

AFFIRMED.

REESE, C. J., BARNES and ROSE, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.