BETTILYON HOME BUILDERS v. BONNEVILLE IRR.
DIST. et al.

No. 4522.   Decided September 29, 1927.   (260 P. 269.)

*Holmgren, Anderson & Russell,* of Salt Lake City, for appellant.

*Dan B. Shields* and *D. M. Draper,* both of Salt Lake City, for respondent.

CHERRY, J.

From a decree quieting the plaintiff's title to a tract of land in Davis county and declaring null and void a deed therefor to Davis county, based upon a sale for delinquent assessments, the defendant Bonneville Irrigation District has appealed.

The only issue in the case was the validity of a purported assessment of the lands in question for their proportionate share of the costs of constructing an irrigation system by the irrigation district and proceedings thereunder culminating in the sale of the lands for the unpaid assessments to Davis county. The trial court held these proceedings void.

The appellant is an irrigation district organized under chapter 68, Laws Utah 1919. This act provides for the organization and government of irrigation districts, etc., and prescribed the manner of levying and collecting assessments upon lands embraced within such districts. The provisions of the act which relate to the matter in controversy are as follows:

Section 2 provides that the petition for the organization of an irrigation district "shall be accompanied by a plat of the lands to be included in the proposed district," and that—

"It shall be the duty of the state engineer to cause to be made a water survey of all lands within the district for the purpose of determining and allotting the maximum amounts of water which could be beneficially used on such lands; each forty-acre tract or smaller tracts in separate ownership shall be separately surveyed and the allotment made therefor."

The survey and allotment of the state engineer is required to be filed with the board of county commissioners of the

proper county. Upon receipt of the report and return from the state engineer, the board of county commissioners is required to cause to be published "notice that petition for formation of an irrigation district has been filed, water survey and allotment made, and a date set for the hearing of applications for exclusion and inclusion of lands and revision of allotments."

Section 3 provides that thereafter—

"the commissioners shall upon the date set, proceed to determine, list and plat the lands to be included in said proposed district, * * * and shall by final order duly entered determine and plat the lands included in such proposed district, and list the lands included therein with the allotments of water made."

Thereupon the county commissioners are required to call an election of the landowners of the district to be held for the purpose of determining whether such district shall be organized. At this election a board of directors for the proposed district is elected.

By section 11 it is provided that, after the completion and organization of the district—

"The board of directors having first determined the amount of water required for the land within the district and the amount of water available for the use of the district, shall make a final allotment of water for each forty-acre tract or smaller tract in separate ownership. * * * Such final allotment shall be the basis for all assessments, tolls and charges levied against the land and shall also thereafter be the basis of the vote at all elections."

A certified copy of this order is required to be immediately filed for record in the office of the county clerk of the county in which the office of the district is located, and with the county recorder of each county in which any lands of the district are situated.

By section 17 it is made the duty of the board of directors to determine the amount of money required by the district

for the current year and to certify the same to the county commissioners.

And section 18 makes it the duty of the county assessor—

"to assess and enter upon his records as assessor in its appropriate column the assessment of all real estate, to which water has been allotted, exclusive of improvements, situate, lying and being within any irrigation district in whole or in part in such county. The assessor shall assess the lands on the basis of the value per acre foot of water allotted to the lands within the district. * * * "

Other provisions relate to the levy of the assessment, and the collection of the same, etc., which matters are not here involved.

The tract of land in question is particularly described in the plaintiff's complaint. It contains an area of 27.5 acres, and is situated in sections 1 and 6, township 1 north, range 1 east and west. The greater part of the land is situated in section 6.

The evidence failed to show that the plaintiff's lands were included in the plat which accompanied the petition for the organization of the district. And there was uncontradicted evidence that the land was so situated that only a very small portion, if any, could be benefited by the irrigation system of the district.

The record of the survey and allotment by the state engineer, the platting and listing of the lands to be included, and the allotment of water by the board of county commissioners, and the final allotment by the board of directors of the irrigation district, each consisted of the following entry:

"Bettilyon Home Builders, N. E. ¼, section 1, township 1 north, range 1 west, 25 acres. Duty four. Allotment, 100 acre feet."

The assessor, however, entered upon his record and assessed the 27.5 acres of plaintiff's lands situate in sections

1 and 6 by a correct description. And the correct description of the land in question was contained in the tax sale record and in the auditor's deed to Davis county.

The trial court held that the description of the land as contained in the allotments made by the state engineer, the county commissioners, and the directors of the district was so indefinite and uncertain as to form no basis for levying assessments on account thereof, and that the attempted assessment of the plaintiff's lands and the subsequent sale thereof were null and void.

The decisive question in the case is whether or not the plaintiff's land was situated within the boundaries of the Bonneville Irrigation District. If it was not, then clearly the irrigation district had no power to levy assessments upon it. The statute makes particular provision for determining what lands may be included in such a district. A plat of proposed lands is required to accompany the petition for the organization of a district. The state engineer is required to separately survey each 40-acre tract and smaller tracts in separate ownership, and file his survey with the board of county commissioners. The board of county commissioners, after notice, is required to proceed to determine, list, and plat the lands to be included in the proposed district, and by final order, duly entered, determine and plat the lands included in such proposed district and list the lands included therein with the allotment of water made. When this is done it establishes the lands to be included and thus defines the territorial limits and jurisdiction of the district. The fixing of the boundaries of the district must not be confused with the allotment of water to respective tracts of land. The former is determined by the board of county commissioners, while the latter, as the basis for assessments, is later made by the board of directors of the district. While an allotment of water to land sought to be assessed is prerequisite to a valid assessment, the first essential is that the land be situated in the district.

We think the record fails to show that the plaintiff's land was situated in the district. The action of the board of county commissioners in determining that 25 acres  of land in N. E. ¼, section 1, township 1 north, range 1 west, belonging to Bettilyon Home Builders, should be included in the district, whatever might be deduced therefrom, if such owner had such land in that section, is certainly no determination that 27.5 acres, a small portion of which is in section 1 and the remainder in section 6, and which is beyond the range of the benefits of the district, was to be included in the proposed district. The statute requires the board of county commissioners, by final order duly entered, to determine and plat the lands to be included and list the lands included therein. This necessarily means that the lands to be included shall be so designated or described that they can be identified. The action taken by the board of county commissioners respecting the plaintiff's lands was ineffectual to include within the district the lands of the plaintiff afterwards assessed and sold.

JUDGMENT AFFIRMED.

THURMAN, C. J., and GIDEON, STRAUP, and HANSEN, JJ., concur.