## PARRY v. BONNEVILLE IRR. DIST. et al.

No. 4557.   Decided January 14, 1928.   (263 P. 751.)

*Bagley, Judd & Ray,* of Salt Lake City, for appellant.

*Holmgren, Anderson & Russell,* of Salt Lake City, for respondents.

HANSEN, J.

This is a suit in equity brought by the plaintiff to enjoin the defendants from collecting assessments which have been levied upon plaintiff's land and also to enjoin the defendants from hereafter levying any assessments upon such land. The defendant Bonneville irrigation district is a municipal corporation organized in 1920 pursuant to the provisions of Laws Utah 1919, c. 68. The lands of the Bonneville irrigation district are situated in Davis county, Utah. The defendants George E. Holt, Clarence Winegar, and Richard S. Stevenson were at the time this suit was begun the county commissioners and Frank L. Layton was the county treasurer of Davis county, Utah. The plaintiff assails the validity of the assessments levied and also the power of the defendants to levy or collect any assessments upon the land of plaintiff becaue (a) no legal allotment of water was ever made to plaintiff's land and (b) the greater part of plaintiff's land is not within the boundary of the irrigation district.

Prior to the organization of the Bonneville irrigation district the state engineer made a water allotment to and a

survey of the lands within the proposed district and filed the same with the board of county commissioners of Davis county, Utah, as provided by Laws Utah 1919, c. 68, § 2. The water survey and allotment so made and filed by the state engineer shows that Allan Carter was then owner of 12.39 acres of land in the northwest quarter of section 20, township 2 north, range 1 east, Salt Lake meridian, of which land 4 acres are below the proposed canal and the remainder above the proposed canal of the Bonneville irrigation district. The duty of water for the land of Allan Carter was placed at 3 acre-feet per acre and a total of 12 acre-feet was allotted to the land of Carter lying below the proposed canal. No water was allotted to the land situated above the proposed canal. This land formerly owned by Allan Carter is the land now owned by the plaintiff and is the land involved in this suit.

The plaintiff does not attack the validity of the organization of the Bonneville irrigation district, but he does contend that the notice given by the board of county commissioners of Davis county was insufficient to bring his land within the district so as to subject such land to the payment of any assessments. Laws Utah 1919, c. 68, so far as material for a determination of plaintiff's objection to the sufficiency of the notice given, provides:

"Sec. 2. For the purpose of establishing an irrigation district as provided by this act, a petition shall be filed with the board of county commissioners of the county which embraces the largest acreage of the proposed district; said petition shall state that it is the purpose of the petitioners to organize an irrigation district under the provisions of this act, and shall state the proposed means of water supply, the name proposed for such district and shall be accompanied by a plat of the lands to be included in the proposed district; the petition shall pray the board to request that a water survey and allotment of water for the lands within the proposed district be made, that the land to be included in the proposed district be determined, listed with water allotment and platted, and that the question of final organization of the same be submitted to the vote of landowners within the proposed district; the petition shall be signed by the

Governor, or if proposed by landowners, by fifty or a majority of such landowners or holders of title or evidence of title to land within the proposed district. * * * . Thereupon it shall be the duty of the state engineer to cause to be made a water survey of all lands within the district for the purpose of determining and allotting the maximum amounts of water which could be beneficially used on such lands; each forty-acre tract or smaller tracts in separate ownership shall be separately surveyed and the allotment made therefor. On completion of said survey and allotment, the state engineer shall file with the board of county commissioners with which the petition for the said district is filed, his return of survey and report of allotment. Upon receipt of the report and return from the state engineer, the board of county commissioners shall cause to be published, notice that petition for formation of an irrigation district has been filed, water survey and allotment made, and a date set for the hearing of applications for exclusion and inclusion of lands and revision of allotments. * * *

"Sec. 3. When a petition has been filed, water survey and allotment made, and notice of hearing published as required by this act, the commissioners shall upon the date set, proceed to determine, list and plat the lands to be included in said proposed district from the petition and from such applications for the exclusion of lands therefrom and the inclusion of lands therein, * * * and shall by final order duly entered determine and plat the lands included in such proposed district, and list the lands included therein with the allotment of water made; provided, that said board shall not so alter the included lands, shown by the plat accompanying the petition, as to change the objects of said petition, or so as to exempt from the operation of this act any lands, requiring water, shown on the plat as included within the petition, and susceptible of irrigation by the same system of water works applicable to other lands in such proposed district. * * * "

The notice given in pursuance of the provisions of Laws Utah 1919, c. 68, § 2, above quoted, contained what purports to be a list of the landowners within the proposed irrigation district, the number of acres owned by each, and the water allotted by the state engineer. In such list appears the following: "Carter, Allan, 4.00 ac. n. w. ¼ sec. 20, 2n, 1e * * * None; Carter, Allan, 8.39 ac., N. W. ¼ sec. 20, 2n, 1e * * * None." The following words also appear in the notice: "None * * * abbreviation for no allotment."

Allan Carter did not appear before the commission on the date fixed in the notice or at all, nor did he request that the commissioners allot any water to his land. The commissioners, however, at the date fixed in the notice allotted 3 acre-feet of water per acre to the land reported by the state engineer as being below the proposed canal. Carter's land was thus allotted 12 acre-feet of water. The assessments here complained of are based upon the 12 acre-feet of water so allotted to the land formerly owned by Allan Carter and now owned by the plaintiff.

It is plaintiff's contention that because the notice stated that the state engineer had made no allotment to the land of Allan Carter the county commissioners of Davis county, Utah, were without jurisdiction to allot any water of such land. In support of this contention the following cases are cited and relied upon: *Bonneville Irr. Dist.* v. *Ririe*, 57 Utah 306, 195 P. 204; *Eames* v. *Board of Com'rs*, 58 Utah 495, 199 P. 970; *In re Central Irr. Dist.*, 117 Cal. 382, 49 P. 354; *Ahern* v. *Board*, 39 Colo. 409, 89 P. 963; *In re Harper Irr. Dist.*, 108 Or. 598, 216 P. 1020. None of these cases deals with a state of facts such as are presented in the instant case. It is of course an elementary rule of law that there can be no judicial action affecting vested rights that is not based upon some process or notice whereby the interested parties are brought within the jurisdiction of the judicial tribunal about to render judgment. We are of the opinion that the notice published by the board of county commissioners of Davis county, Utah, gave Allan Carter constructive, if not actual, notice that his land would probably be affected by the formation of the Bonneville irrigation district. The notice contained all the information required by the provisions of Laws Utah 1919, c. 68. In addition thereto it incorrectly set out that the state engineer had made no allotment of water to the land of Allan Carter. The notice informed Carter that his land below the proposed canal was within

the proposed Bonneville irrigation district. It also informed him that the county commissioners would consider any proper reasons that may be urged for a revision and amendment of the allotment of water. Neither Carter nor the plaintiff can be heard to say that he is not bound by the notice because he was not familiar with the provisions of Laws Utah 1919, c. 68 § 3, that the board shall not "exempt from the operation of this act any lands, requiring water, shown on the plat as included within the petition, and susceptible of irrigation by the same system of waterworks applicable to other lands in such proposed district." It should be here observed that no claim is made by the plaintiff that the land below the canal of the Bonneville irrigation district is not susceptible of irrigation by the system of waterworks of the district, nor that the land below the canal is not benefited by the system of waterworks of the district. Nor is it claimed that Carter was misled by the fact that the notice stated that no water had been allotted to his land by the state engineer. We are of the opinion that the notice given by the board of county commissioners of Davis county, Utah, gave such board jurisdiction to allot water to the land here involved which is below the canal of the Bonneville irrigation district and susceptible of irrigation by its irrigation system.

An entirely different situation is presented with respect to the land above the canal. The evidence shows that when the proposed canal was actually constructed only 1.6 acres of the Carter land was below the canal. The notice given for the formation of the proposed Bonneville irrigation district fixes the eastern boundary of the district as the 300-foot level canal. When the board of county commissioners fixed the boundary of the Bonneville irrigation district its eastern boundary ran along the canal. No claim is made by the defendants that any of the plaintiff's land lying east of and above the canal is susceptible of irrigation by the irrigation system of the Bonneville

irrigation district. Thus all of plaintiff's land except 1.6 acres is not within the district. It is insisted by the plaintiff that a municipal corporation such as the Bonneville irrigation district has no jurisdiction over land not within the district. It is urged that no taxing unit can legally levy any tax which has any extraterritorial validity. In support of such contention the following cases are cited: *Murdock* v. *Murdock*, 38 Utah, 373, 113 P. 330; *Philadelphia & R. C. & I. Co.* v. *Northumberland County Com'rs.*, 229 Pa. 460, 79A. 109; *Central R. Co.* v. *Burrough of Atlantic Highlands*, 74 N. J. Law, 395, 66 A. 905; *Great Southern Life Ins. Co.* v. *City of Austin*, 112 Tex. 1, 243 S. W. 778; *Rose Hill Cemetery Co.* v. *Kern*, 147 Ill. 483, 35 N. E. 240. The cases cited support plaintiff's contention and many other cases may well be added to the list, but the rule is so well established that we deem it unnecessary. It may be observed, however, that article 13, § 10, of our state Constitution is in accord with the general rule, as are also the cases of *Kimball* v. *Grantsville City*, 19 Utah 368, 57 P. 1, 45 L. R. A. 628, and *Gillmor* v. *Dale*, 27 Utah 372, 75 P. 932. The same rule is applied to assessments as distinguished from general taxes. In 5 McQuillin, Municipal Corps. § 2054, p. 4407, the law is stated thus:

"As a rule municipal corporations cannot assess for a local improvement land lying without their limits. Thus where a farm lay partly within and partly without the municipal area, the latter part cannot be assessed for a sewer improvement. And in no case can a municipal corporation assess land not within its limits unless expressly authorized to do so."

Laws Utah 1919, c. 68, and the amendments thereto, do not grant an irrigation district any power to assess property without the district. On the contrary, the law expressly limits the right to vote on the question of the formation of a district and the issuance of bonds of the district as well as the election of officers of the district to the landowners within the district. The law also

provides that the bonds of the district as well as the expenses of operating and maintaining the district shall be paid out of revenue derived from assessments upon the real property of the district and that the county assessor of any county embracing the whole or any part of the irrigation district shall assess the real estate within any district in whole or in part within such county to meet the obligations of the district. In the case of *Bettilyon Home Builders* v. *Bonneville Irr. Dist.* (Utah) 260 P. 269, this court recently held that an irrigation district is without power to levy assessments upon lands not within the district.

Plaintiff's land lying below the canal is described as commencing at a point 60 rods west from the northeast corner of the northwest quarter of section 20, township 2 north of range 1 east, Salt Lake meridian, United States survey, and running thence south 544.5 feet; thence east 125.98 feet; thence north 17 degress 59 minutes west 143.11 feet; thence north 21 degrees 18 minutes east 298.47 feet; thence north 11 degrees 59 minutes west 133.3 feet; thence west 152.26 feet to the point of commencement, consisting of 1.6 acres. Plaintiff's land above the canal is described as commencing at the northeast corner of the northwest quarter om section 20, township 2 north, range 1 east, Salt Lake meridian, United States survey, and running thence west 817 feet; thence south 11 degrees 59 minutes east 134.94 feet; thence south 21 degrees 18 minutes west 297.32 feet; thence south 17 degrees 59 minutes east 142.47 feet; thence east 853 feet; thence north 544.5 feet to the point of commencement; consisting of 10.516 acres.

From what has been said it follows that the assessments levied upon the 1.6 acres of plaintiff's land below the canal upon the basis of 3 acre-feet of water per acre are a valid lien upon the 1.6 acres of land; that any assessment upon the 1.6 acres in excess of that is invalid and should be canceled; that assessments may hereafter be

properly levied against the 1.6 acres of land below the canal upon the basis of the duty of water of 3 acre-feet, but not in excess thereof; that the assessments upon the 10.516 acres of plaintiff's land lying above the canal and without the Bonneville irrigation district are invalid and should be entirely canceled; that the defendants should be enjoined from collecting the assessments levied against the 10.516 acres above the canal and also enjoined from hereafter levying any assessments for the use and benefit of the Bonneville irrigation district upon the same. The findings of fact, conclusions of law, and decree entered are ordered amended to conform to the views herein expressed, and the cause is remanded back to the trial court, with directions to make such amendments. Appellant to recover his costs.

THURMAN, C. J., and CHERRY, STRAUP and GIDEON, JJ., concur.