ARGYLE et al. v. BONNEVILLE IRR. DIST. et al.

No. 4778. Decided June 19, 1929. (280 P. 722.)
Rehearing Denied September 26, 1929.

*A. E. Bowen, Geo. M. Sullivan* and *D. G. Foote,* of Salt Lake City, for appellants.

*Holmgren, Anderson & Russell,* of Salt Lake City, for respondents.

FOLLAND, J.

This suit in equity was commenced by plaintiff William H. Argyle and 113 others against the Bonneville irrigation

district, Davis county, and other defendants who are directors of the irrigation district, the commissioners, clerk, treasurer, and assessor of Davis county, to perpetually enjoin the levy and collection of any assessments for water allotments to the lands of plaintiffs by the irrigation district. These assessments are attacked upon the ground, as alleged, that neither the Bonneville irrigation district, nor Davis county, nor the officers mentioned, ever at any time acquired jurisdiction to levy and collect assessments for water allotments. The particular jurisdictional defect is stated by plaintiffs in their brief as follows:

"The main issue presented by this case is the sufficiency of the land descriptions given by the state engineer at the time he attempted to make a survey and water allotment and the land descriptions before the county commissioners and board of directors at the time they made, and as incorporated in, their water allotment to sustain the levy and collection of a tax."

A general demurrer to the complaint was filed. Upon the overruling of the demurrer by the lower court, defendants elected to stand upon the demurrer and suffered judgment to be taken against them according to the prayer of the complaint. The judgment entered is that:

" * * * Each and all and every officer, agent and servant of said defendants be, and each and all of them are hereby, perpetually enjoined from assessing or levying, or attempting to assess and levy, and from taking any further proceedings in the assessment, levy or collection of, any tax upon either or any part of the lands of plaintiffs hereinabove described for defendant Bonneville Irrigation District's purposes or for or on account of water allotted, or purported to be allotted, to said lands, or either or any part of them from the waters of said defendant Bonneville Irrigation District, and from selling, or attempting to sell, said lands, or either or any part of them, for taxes levied for the Bonneville Irrigation District and from doing or performing any other act or thing in furtherance of the assessment, levy, or collection of Bonneville Irrigation District taxes against said lands or any part or parts thereof whatsoever."

The complaint, in substance, alleged the corporate existence of the irrigation district; that it is a municipal cor-

poration organized under the laws of Utah for the purpose of appropriating and putting to beneficial use certain waters in Davis county; that plaintiffs are the owners and in possession, under separate ownership, of the 114 tracts of land, which are separately described by metes and bounds; that upon the organization of the district, the state engineer attempted to make a survey to determine the lands to be included in the district and the amount of water to be allotted to each such parcel of land in 40-acre tracts or smaller tracts in separate ownership proposed to be included within the district, and that such survey and water allotment, as certified to the county commissioners by the state engineer, were thus described:

| Name | Description | Allotted | By Allotment |
|---|---|---|---|
| Wm. H. Argyle | SW ¼ Sec. 19 T 2 N R 1 E 2.15A | 4.30 | Wm. H. Argyle |

(We shall use merely one description as illustrative of all the others.)

The complaint further alleges: That upon receipt of the survey and water allotment made by the state engineer, the county commissioners of Davis county attempted to make a final allotment of water to the lands of plaintiffs, describing the lands and fixing the allotments as follows:

| Name | Acres | Ownership | Feet | Plaintiff's Land Affected by Allotment |
|---|---|---|---|---|
| Wm. H. Argyle | 2.15 | SW Sec. 19, 2 N 1 E | 4.30 | Wm. H. Argyle |

That after the organization of the district and the election of a board of directors, such directors attempted to make an allotment and instituted proceedings in court for a confirmation of all things done in the organization of the district, including the allotment of water. That the land descriptions and water allotments made by the directors and confirmed by the court were described as follows:

| Name | Acres | Subdivision | Sec. | Twp. | R. | Allotted | Plaintiff's Land Affected by Allotment |
|---|---|---|---|---|---|---|---|
| Wm. H. Argyle | 2.15 | SW ¼ | 19 | 2N | 1E | 4.30 | Wm. H. Argyle |

That thereafter the commissioners certified to the county assessor, based upon an annual budget, the amount of money

required for the current year, and that the assessor, not having a sufficient description of the lands involved, refused to place the lands upon the assessment rolls, whereupon the commissioners directed the recorder, assisted by the treasurer, to furnish the assessor with metes and bounds descriptions of the lands. That these descriptions were furnished and corresponded with the metes and bounds descriptions of plaintiffs' lands as set out in their allegation of ownership. That upon the assessor placing these lands, with the accurate descriptions so furnished, upon the assessment books, this action was brought to enjoin further proceedings.

It is also alleged that there were, and still are, within the records of the district, no descriptions by metes and bounds of the lands of plaintiffs or either of them and no descriptions of any kind affecting any of the lands of plaintiffs within the district except the descriptions above set forth.

It will be noted that the descriptions set forth in the complaint as having been listed by the state engineer and directors of the district are so incomplete and insufficient as to indicate no particular land upon which a lien could rest for any tax. *Madsen* v. *Bonneville Irr. Dist.*, 65 Utah 571, 239 P. 781, 782. If the failure of the state engineer, the commissioners, and directors to list these lands by metes and bounds, or other definite description, goes to jurisdiction, the effect of such failure is to exclude the lands of plaintiffs from the district. If not within the district, then it follows that neither the commissioners nor the directors have any jurisdiction over such lands either to make water allotments or to levy any tax thereon. The demurrer to the complaint raises the question whether this defect is jurisdictional.

The complaint points to one set of proceedings, namely, the report and survey of the state engineer and other proceedings based thereon by the county commissioners and directors of the district, which, it alleges, are defective because of lack of definite description of the lands in question. No other jurisdictional defect is

alleged. The corporate existence of the district is admitted. It is also admitted that the statutory proccedings for confirmation of the organization of the district in the district court were duly had, and judgment of confirmation duly entered. The presumption of regularity and sufficiency of all proceedings other than the alleged defective descriptions must therefore be indulged. For the purpose of this decision, it must be taken as established that all other matters and things required by law to be done in order to vest jurisdiction in the county commissioners to create the district and in the district directors to make water allotments and provide for the levy and collection of water assessments have been done.

The Bonneville irrigation district was organized pursuant to Laws Utah 1919, c. 68. Many of the sections of this chapter were amended by Laws Utah 1921, c. 73. The district, however, was created before these amendments became effective. Therefore the question of jurisdiction must be tested by the law as it stood before being amended.

In *Bettilyon Home Builders* v. *Bonneville Irr. District*, 260 P. 269, 270, this court, speaking through Mr. Justice CHERRY, clearly stated the steps required to be taken in order to confer jurisdiction on the county commissioners over lands to be included within the district thus:

"The statute makes particular provision for determining what lands may be included in such a district. A plat of proposed lands is required to accompany the petition for the organization of a district. The state engineer is required to separately survey each 40-acre tract and smaller tracts in separate ownership, and file his survey with the board of county commissioners. The board of county commissioners, after notice, is required to proceed to determine, list, and plat the lands to be included in the proposed district, and by final order, duly entered, determine and plat the lands included in such proposed district and list the lands included therein with the allotment of water made. When this is done it establishes the lands to be included and thus defines the territorial limits and jurisdiction of the district. The fixing of the boundaries of the district must not be confused with the allotment of water to respective tracts of land. The former is determined by the board of county commissioners, while

the latter, as the basis for assessments, is later made by the board of directors of the district."

The complaint in the instant case nowhere makes reference to the filing of any plat. It merely points out that in the in the listing of the lands in the engineer's report, and also in the subsequent proceedings in making allotments of water, the lands are inadequately described. Laws Utah 1919, c. 68, § 2, requires the filing of a plat of lands to be included in the proposed district to accompany the petition originally filed with the board of county commissioners; and, for the purpose of determining and allotting the maximum amounts of water which can be beneficially used on such lands, the state engineer is required to make a water survey and water allotment, which must be filed with the board of county commissioners, whereupon notice is to be given in the manner provided by law to the landowners within the district. Section 3 of such chapter provides that upon the day set in the notice the board of commissioners shall proceed to determine, list, and plat the lands to be included within the district, and shall, by final order duly entered, determine and plat the lands included in such proposed district and list the lands included therein with the allotment of water made. It provides not only for the listing of the lands with the water allotment, but also the making of a plat which shall show the lands. Copies of the plat as finally made shall be filed for record in the office of the county clerk and county recorder as provided in section 5.

We are of the opinion that any particular tract of land shown on the plat made by the board of county commissioners and referred to in the list of water allotments, where such land can be definitely identified and located by reference to either or both the plat and the list, is within the district and subject to the jurisdiction of the board of directors for all lawful purposes under the act. The listing of the lands, even if inadequate or incorrect in description may

be aided by the plat on file. If a proper, adequate, and correct description of the tract of land can be ascertained from the plat when read in connection with the listing, then such land is within the district, and the county and district officers have jurisdiction over it for the purpose of levying and collecting taxes for water allotments actually made. In saying this we assume, of course, that other jurisdictional requirements are met.

The question as to whether the engineer's report of survey is jurisdictional was before this court in the case of *State* v. *Weber County Irr. Dist.*, 62 Utah 209, 218 P. 732, 734. That was an action in quo warranto instituted in behalf of the state by the Attorney General for the purpose of determining whether the Weber county irrigation district was lawfully organized. The complaint alleged that the state engineer's return of the survey and return of the allotment was so defective as to defeat jurisdiction. Among other alleged facts was the one that no survey was made of each 40-acre tract or smaller tract in separate ownership and that no separate allotment was made as provided by law. Disposing of this objection, Mr. Justice FRICK, speaking for the court, said:

"It is next contended that 'no water survey as provided was made.' It is conceded, however, that the state engineer did make a survey, and that he filed a return thereof with the county commissioners, which was acted upon by them. The gist of the contention in this regard is that the survey was imperfect and insufficient in certain particulars. If it were conceded that the survey and report of the state engineer were imperfect and insufficient in certain particulars, that would not affect the jurisdiction of the commissioners nor invalidate the organization of the irrigation district. This contention, therefore, cannot be sustained."

The Weber County Irrigation District Case might be said to be decisive of the question now before us. There is, however, this distinction: In that case the validity of the organization of the district as a unit was under attack, while here certain owners of property are seeking to avoid the

levy and collection of water assessments upon the theory that their lands have not been brought within the jurisdiction of the irrigation district. It is here conceded that the district is lawfully organized and may have jurisdiction over other lands, but it is claimed not to have jurisdiction over the lands of plaintiffs.

We have had before us several cases wherein the description of lands as set out in the report of survey by the state engineer were alleged to be defective, although in no case has the attack been made in the same manner as in the instant case. These cases, however, must be considered for the purpose of determining whether the conclusions we have reached are in harmony with our former decisions.

In *Madsen* v. *Bonneville Irr. Dist.*, supra, plaintiff sought in equity to have declared null and void a tax levied against his property wherein the property was listed and assessed in substantially the same manner as set out in the complaint herein. It was said in the course of the opinion in the Madsen Case:

"The description of land as given in the allotment is such that it is impossible to determine the exact location by metes and bounds of the appellant's premises. It conclusively appears that a mistake was made in allotting water to appellant's predecessor for 3.25 acres, when in truth and fact he owned only 1.25 acres and necessarily appellant now owns only that amount of land."

It was made to appear in that case that subsequent to the allotment the county assessor copied from the public record in the recorder's office, and inserted in the assessment roll, a description of the appellant's land by metes and bounds, which description included the 1.25 acres only, and which was admitted to be a correct description. With these facts before the court, and the case being one in equity, it was held that it would not be doing equity between the parties to relieve the landowner from liability for benefits which it is presumed accrued to his premises by the creation of the district and the allotment of water. The case was remanded

to the trial court with directions to set aside its order dismissing the complaint and to direct the officers of the district to correct the record of the district so as to show an allotment for the actual acreage owned by appellant and to levy a tax in accordance with the corrected record. While nowhere in that decision was there a discussion of the precise point as to whether the engineer's survey and water allotment are jurisdictional, yet, in reaching the conclusion it did, the court necessarily presumed that such defects in in description as were made to appear in that case did not go to jurisdiction.

*Jackson* v. *Bonneville Irr. Dist.*, 66 Utah 404, 243 P. 107, was a suit to quiet title to divers parcels of land as against liens for assessments for water allotments under the Bonneville irrigation district. It was there claimed the lands of plaintiffs had been excluded from the district by the board of county commissioners, and that the board of directors later sought to include such lands without proper or any lawful notice. The decision sustained the jurisdiction of the district officers over lands to which water had been allotted by the board of commissioners, although it had been made to appear that there were errors in description in the report of the state engineer.

*Parry* v. *Bonneville Irr. Dist.*, 263 P. 751, 752, is the latest pronouncement of this court with respect to the affairs of this district. It was a suit in equity to enjoin the collection of assessment levied on plaintiff's land and also to enjoin the levy and collection of future assessments. The case was tried in the district court upon complaint, answer, and evidence. Objection was made to the notice given by the board of commissioners which it was claimed was insufficient to confer jurisdiction over plaintiff's land. The notice complained of listed plaintiff's land as follows: "Carter, Allan, 4.00 ac. n. w. ¼ sec. 20, 2n, 1e * * * None; Carter, Allan, 8.39 ac. n. w. ¼ sec. 20, 2n, 1e. * * *" This listing carried no definite description in metes and bounds, and it also

indicated by the word "none" that no water allotment had been made by the state engineer. Carter did not appear before the board on the date fixed, and his land was allotted a certain quantity of water. The particular defect as to jurisdiction complained of there was the fact that no allotment had been made by the state engineer and in the published notice the landowner was led to believe that no allotment would be made. If the engineer's report and allotment were jurisdictional, then indeed no allotment could be afterwards made. The court held, however, that the notice given by the board of county commissioners was sufficient to confer jurisdiction on the board of county commissioners to allot water and include the land in the district. The original assessment was for a larger acreage than was located below the canal and susceptible of irrigation. The acreage above the canal was excluded, but the assessment upon the land below the canal was declared valid. While the objection to jurisdiction on account of inadequate description was not specifically urged or decided, yet the facts showing such defects of description were present in the case. To reach the conclusion it did, this court necessarily recognized that such inadequate description of the state engineer, the board of commissioners, and the district officers did not defeat jurisdiction where such land had been allotted water, was under the canal, and was susceptible of irrigation.

*Bettilyon Home Builders* v. *Bonneville Irrigation District*, supra (Utah) 260 P. 269. We have referred to this case and quoted from it earlier in this opinion. The case was a suit to quiet title to land against a sale for delinquent assessments under the Bonneville district. The court held the land was not within the district and therefore the levy of assessment was void. In that case the description of the land in the listings were both inadequate and incorrect and the evidence failed to show that plaintiff's tracts of land were included in the plat which accompanied the petition. There was also uncontradicted evidence that

only a small portion, if any, of plaintiff's land could be benefited by irrigation from the irrigation system of the district. Cases from other states, where the irrigation district statutes are similar though not identical with ours, indicate that where the lands to be included in the district are indicated with substantial accuracy by plat, petition, or listing in the proceedings, then jurisdiction is conferred upon the district and its officers, notwithstanding the lack of particular or metes and bounds descriptions in listings or on assessment books. After jurisdiction has been once obtained, defects in description may be aided and cured by reference to plats and other records. *Oregon S. L. R. Co.* v. *Pioneer Irr. Dist.*, 16 Idaho, 578, 102 P. 904; *State* v. *Quinn*, 108 Minn. 528, 121 N. W. 898; *Adams* v. *Slee* (Cal. App.) 268 P. 959; *Laurence* v. *Board of Supervisors*, 151 Iowa, 182, 131 N. W. 8; *Ager* v. *State*, 162 Ind. 538, 70 N. E. 808; *Baker* v. *Central Irr. Dist.*, 93 Neb. 460, 140 N. W. 765; *Best* v. *Wohlford*, 144 Cal. 733, 78 P. 293; *In re Madera Irr. Dist.*, 92 Cal. 296, 28 P. 272, 675, 14 L. R. A. 755, 27 Am. St. Rep. 106; *Randolph* v. *Stanislaus County*, 44 Cal. App. 322, 186 P. 625; *Chicago, M. & St. P. Ry. Co.* v. *Monona County*, 144 Iowa 171, 122 N. W. 820.

It was not alleged nor made to appear that the lands of plaintiffs were not shown on the plats required by law to be made and filed. That such plats were regularly made and filed at the time of the formation of the district must be accepted as a fact, not only because there is no allegation to the contrary, but in the complaint it is alleged that the district court of Davis county, in a proper action, confirmed the organization of the district. In plaintiffs' complaint, after setting up the descriptions of the lands in the listing by the state engineer, the board of county commissioners, and the district board, an attempt is made to negative any other description in the following language:

"That there were and still are within the records of said district no description by metes and bounds of the lands of plaintiffs or either of them, and no descriptions of any kind affecting any of the lands of

plaintiffs or either of them, within said district except the descriptions heretofore set out in paragraphs 3, 4, and 6."

It is apparent, we think, that the word "description" is here used in the ordinary way as defined in Webster's New International Dictionary as "a writing down; inscription; a sketch or account of anything in words; a portraiture or representation in language." The word is used in the same sense as a description in a deed, meaning the ██ language wherein the property is referred to by metes and bounds or other representation in words. The allegation is not sufficient to exclude a delineation of said lands upon a map or plat. We must therefore conclude, in the absence of a particular allegation to the contrary, that the lands are shown on the plats, and that the listings and the plats, if read together, would indicate the particular tracts of land of plaintiffs with sufficient accuracy and definiteness to include such lands within the district and subject them to the jurisdiction of the board of county commissioners in the creation of the district and the board of directors of the irrigation district for the purpose of making water allotments and the levying of assessment therefor.

It is unfortunate that a case of this importance is in this court upon demurrer to the complaint. Unquestionably an answer should have been filed and the facts with reference to the platting of these lands and the formation of the district placed in the record, so that we might have ██ been sufficiently advised in the premises. The case was argued in this court upon the theory that failure of the state engineer to make particular descriptions by metes and bounds in his report and water allotment defeated jurisdiction. In view of all the facts before us, we cannot hold that this alone excludes the lands of plaintiffs from the district. After jurisdiction is once acquired by the board of county commissioners in the formation of the district, irregularities or deficiencies thereafter may be cured by appropriate action. We hold, therefore, that the complaint herein did

not state a cause of action and that the demurrer should have been sustained.

Appellants have urged that the proceedings had in the district court resulting in a judgment of confirmation of the irrigation district is res adjudicata as to the present action. This contention may be sound as to all matters not jurisdictional. If the defects alleged by respondents defeat jurisdiction of the board of county commissioners, the lands attempted to be described are not within the district, and hence not subject to the district board of directors for any purpose. It may well be that the district was properly organized and its organization confirmed, and yet specific lands, if not properly described or delineated upon maps and plats required by law to be filed, would not be controlled by the confirmatory decree of the district court, and hence not subject to the jurisdiction of the district court. Jurisdictional defects may be raised at any time. *Jackson* v. *Bonneville Irr. Dist.*, supra; *Scilley* v. *Red Lodge-Rosebud Irr. Dist.*, 83 Mont. 282, 272 P. 543.

Objection is also made that in some instances the board of directors of the irrigation district increased the amount of water allotment over that designated by the state engineer. This, however, was not pleaded as one of the grounds of invalidity of the attempted tax levies. If the amount allotted is in excess of jurisdiction, the total allotment would not be bad, but only that portion which is in excess. The point not being specifically set out in the complaint, we withhold an opinion on the subject.

JUDGMENT IS REVERSED.

Cause remanded to the district court of Davis county, with directions to that court to permit plaintiffs to amend the complaint, if they be so advised, and to proceed thereafter in accordance with the views expressed in this opinion. Neither party to recover costs.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.